IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01635-TPO

David Enright,

Plaintiff,

v.

Amanda Retting and Moses Stancil,

Defendants.

---

## DEFENDANTS' RULE 12(b)(1) AND RULE 12(b)(6) PARTIAL MOTION TO DISMISS

---

Defendants, Amanda Retting and Moses Stancil (collectively, "Defendants"), by and through their counsel, the Colorado Attorney General, state as follows for their Rule 12(b)(1) and Rule 12(b)(6) Partial Motion to Dismiss:

### CERTIFICATE OF CONFERRAL

Plaintiff is an unrepresented prisoner, so no duty to confer exists pursuant to Local Rule 7.1(b)(1).

### INTRODUCTION

David Enright initiated this action because he has not been enrolled in CDOC's Sex Offender Treatment and Monitoring Program ("SOTMP") following his incarceration pursuant to the Sex Offender Lifetime Supervision Act ("SOLSA"). Alleging that Defendants must admit him to SOTMP, Mr. Enright asserts three claims: (1) violation of substantive and procedural due process, (2) medical malpractice, and (3) negligence.

The second and third claims are tort claims based on Colorado common law, but Defendants are protected by sovereign immunity under the Colorado Governmental Immunity Act ("CGIA"). Moreover, the medical malpractice claim against Ms. Retting is unsustainable because Ms. Retting never treated Mr. Enright. As such, Defendants request that the Court dismiss Mr. Enright's malpractice and negligence claims.[1]

## BACKGROUND

Mr. Enright alleges he was convicted of a sex offense and sentenced under SOLSA. (ECF Doc. 1 at 8); *see* C.R.S.§ 18-1.3-1001 to -1012. SOLSA mandates a sentence for an indeterminate term "of at least the minimum of the presumptive range specified in section 18-1.3-401 for the level of offense committed and a maximum of" life. C.R.S. § 18-1.3-1004(1)(a). A sex offender is required to undergo treatment "to the extent appropriate" as part of their sentence, and becomes eligible for parole upon completing the minimum period. §§ 18-1.3-1004(3), 1006(1)(a). In

---

[1] While this Partial Motion to Dismiss does not address all claims, it nonetheless tolls Defendants' deadline to answer all claims contained in the Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A); *Kachadoorian v. United Airlines, Inc.*, No. 18-cv-01205, 2019 WL 1953399, at *2 n.3 (D. Colo. May 2, 2019) (holding that a motion to dismiss under Rule 12, even one that does not challenge all claims in a Complaint, tolls the defendant's obligation to answer until after the motion is decided); *Board of Cnty. Comm'rs v. Brown Grp. Retail, Inc.*, No. 08-cv-00855, 2008 WL 4527736, at *1 (D. Colo. Oct. 3, 2008) (collecting cases from other districts); *Kent v. Geren*, No. 07-cv-02202, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008); *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638-39 (N.D. Iowa 2006). Defendants will answer any remaining claims in the Complaint following the Court's resolution of the instant Motion. However, in an abundance of caution, if the Court disagrees with the foregoing authorities, Defendants alternatively move under Rule 6(b)(1)(A) for an extension of time to submit an answer or other responsive pleading to the Complaint of up to and including fourteen days after the date on which it resolves this motion.

determining whether to release the offender on parole, the parole board "shall determine whether the sex offender has successfully progressed in treatment." *Id.* Here, Mr. Enright alleges he has served his minimum period and has otherwise become eligible for parole, but was denied parole because he has not participated in SOTMP. (*Id.*) He alleges he is held at a facility (the Bent County Correction Facility, or "BCCF") that does not offer SOTMP, that he has not enrolled in SOTMP, and thus has not become eligible for parole.

Mr. Enright claims Defendants' allegedly improper conduct—for example, failing to adequately staff SOTMP—caused his ineligibility for parole. (*Id.* at 8-11). He asserts three claims in his complaint: (1) deprivation of his Fourteenth Amendment due process rights (against all Defendants), (2) medical malpractice (against Ms. Retting), and (3) negligence (against Mr. Stancil). (*Id.* at 12-17).  Mr. Enright, Travis Hodge, and Jan Rogers were initially all plaintiffs in *Hodge v. Retting*, No. 26-cv-307 (the "Hodge Litigation"); the Court severed Mr. Rogers' and Mr. Enright's claims on April 14, 2026,[2] so Mr. Enright is the only plaintiff in this action. (*See* ECF Doc. 19 in the Hodge Litigation). The Complaint alleges all three are held at BCCF, but on February 19, 2026, Mr. Rogers filed a notice that he had been transferred from BCCF to Arkansas Valley Correctional Facility ("AVCF"). (ECF Doc. 15).

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction that may only enter judgment if subject matter jurisdiction exists. *Equal Employment Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1361 (D. Colo. 2023). As such, Rule 12(b)(1) empowers a court to dismiss an action due

---

[2] *See* 26-cv-307 and 26-cv-1618.

to lack of subject matter jurisdiction. *Halik v. Pinnock*, 21-cv-02456, 2022 WL 4079338, at * 4 (D. Colo. Sept. 2, 2022) ("A court lacking jurisdiction must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking"). The party asserting jurisdiction—the plaintiff in an action initiated in federal court—has the burden of establishing subject matter jurisdiction. *Sladek v. City of Colorado Springs*, 13-cv-02165, 2014 WL 86819, at *3 (D. Colo. Jan. 9, 2014).

Separately, a Rule 12(b)(6) motion asserts that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R.Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires the plaintiff to plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do facts that only allow the court to infer the mere possibility of misconduct. *Id*. While pro se plaintiffs' complaints are construed liberally, the court does not assume the role of advocate for the pro se plaintiff and a complaint filed by such a plaintiff is subject to the same pleading standard as one filed by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Clark v. Weiser*, 23-cv-03283, 2025 WL 830473, at *1 (D. Colo. Mar. 17, 2025).

**ARGUMENT**

**I.      Mr. Enright's Common Law Tort Claims Should be Dismissed**

The Court should dismiss Mr. Enright's second and third claims for medical malpractice and negligence because Defendants are protected by immunity under the CGIA and, separately, Mr. Enright fails to sufficiently allege a malpractice claim.

**A.      The CGIA Bars the Common Law Tort Claims**

Mr. Enright's second and third claims assert common law medical malpractice and negligence causes of action against Ms. Retting and Mr. Stancil, respectively, in their official and individual capacities. Mr. Enright does not allege any constitutional violation. As Ms. Retting and Mr. Stancil are entitled to immunity under the CGIA, these claims should be dismissed.[3]

**1.      Defendants in Their Official Capacities are Immune Under Section 106 of the CGIA**

Under Section 106 of the CGIA, "[a] public entity is immune from liability in all claims for injury that lie in tort or could lie in tort" unless immunity is waived. C.R.S. § 24-10-106(1). As relevant here, immunity is waived in actions for injuries resulting from "[t]he operation of any public hospital, correctional facility . . . or jail by such public entity" and "[a] dangerous condition of any public hospital, jail . . . maintained by a public entity." § 24-10-106(1)(b), (e). However, this waiver "does not apply to claimants who have been convicted of a crime and incarcerated in

---

[3] Whether sovereign immunity precludes suit under the CGIA is an issue of subject matter jurisdiction subject to a Rule 12(b)(1) motion to dismiss. *Harris v. Reg'l Transp. Dist.*, 15 P.3d 782, 783-84 (Colo. App. 2000); *Anderson v. Shutters*, 17-cv-00884, 2018 WL 2948221, *4 (D. Colo. June 13, 2018).

a correctional facility or jail pursuant to such conviction, and such correctional facility or jail shall be immune from liability as set forth in subsection (1) of this section." § 24-10-106(1.5).

Mr. Enright's claims against Defendants in their official capacities are claims against a public entity. *Giron v. Stancil*, 24-cv-01146, 2025 WL 2578106, at *6, 8 (D. Colo. June 30, 2025); *Griess v. State of Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1988). His medical malpractice and negligence claims sound in tort and he alleges that he has been convicted of a crime and incarcerated in a correctional facility pursuant to such conviction. As such, even assuming the waivers would otherwise be triggered, section 106(1.5)'s exception applies so Ms. Retting and Mr. Stancil are entitled to immunity. Indeed, in a scenario virtually identical to the instant case, the Court dismissed an inmate's medical malpractice claim against Mr. Stancil because no waiver of immunity could occur under Section 106. *Giron v. Stancil*, 24-cv-01146, 2025 WL 2578106, at *8 (D. Colo. June 30, 2025), *r&r adopted,* 2025 WL 2437224 (D. Colo. Aug. 25, 2025).

### 2. Defendants in Their Individual Capacities are Immune Under Section 118 of the CGIA

A separate section of the CGIA creates qualified immunity for public employees. C.R.S. § 24-10-118(2)(a). There, the CGIA provides that a "public employee shall be immune from liability in any claim for injury . . . which lies in tort or could lie in tort . . . and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton." C.R.S. § 24-10-118(2)(a). Willful and wanton denotes "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences,

or of the rights and safety of others." *Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994); *McDonald v. Wise*, 769 F.3d 1202, 1218 (10th Cir. 2014).

A plaintiff must plead the "specific factual basis" supporting their willful and wanton allegations. C.R.S. § 24-10-110(5)(a)-(b). "Thus, a plaintiff must plead specific facts to show or raise an inference that the defendant's conduct was specifically calculated to cause the alleged harm or that defendant was aware her conduct would cause the alleged harm." *McDonald*, 769 F.3d at 1218 (internal quotations omitted). Mere allegations that an employee acted willfully and wantonly are insufficient. *L.J. v. Carricato*, 2018 COA 3, ¶ 33, 413 P.3d 1280, 1288. By requiring pleading of the "specific factual basis," the CGIA effectively subjects plaintiffs to Rule 9(b)'s requirement that a plaintiff must plead with particularity. *See Robinson v. City & Cnty. of Denver*, 39 F. Supp. 2d 1257, 1264 (D. Colo. 1999) ("The [C.]G.I.A. does not define 'specific factual basis,' but the phrase's plain meaning is unambiguous. It requires that a plaintiff set forth in his complaint specific facts which support his claim that public employees acted willfully and wantonly"); Fed. R. Civ. P. 9(b). Rule 9(b) allows allegations to be pleaded on information and belief only when they concern facts that are "peculiarly within" the defendant's knowledge, but the plaintiff must set forth the factual basis for their belief. *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1077-78 (D. Colo. 2012); *Dean v. Wright Med. Tech., Inc.*, 593 F. Supp. 3d 1086, 1098 (D. Colo. 2022).

Mr. Enright does not plead the requisite specific facts. His well-pleaded allegations that are relevant to the common law tort claims only assert that Defendants have not enrolled him in SOTMP. This does not show that Defendants' conduct was specifically calculated to cause the alleged harm.

7

Mr. Enright does go on to make more critical allegations on information and belief, such as:

- Upon information and belief, Defendant Retting has failed, or refused, to provide SOTMP access to more than a very small number of inmates;

- Upon information and belief, Defendant Stancil has implemented a policy of transferring indeterminately sentenced prisoners to facilities which do not offer the SOTMP, in order to warehouse them indefinitely while they await admission to the program; and

- Upon information and belief, Defendants Stancil and Retting administer the waiting list to be admitted to the SOTMP, referred to as the "Global Referral List" (GRL), in an arbitrary and capricious way, such that Plaintiffs may never reach the top of the list and be admitted to the SOTMP

*See* Complaint, ECF Doc. 1, at pp. 1, 3, 4. These allegations are also insufficient. They are not the kind of allegations that concern a defendant's state of mind that are considered appropriate to be pleaded on information and belief under Rule 9(b), so they do not show willful and wanton conduct. Mr. Enright also fails to set forth the factual basis for his beliefs, so these allegations would remain insufficient even were they "peculiarly" within Defendants' knowledge.

Further, Mr. Enright does not allege that he ever attempted to enroll in SOTMP, much less that his efforts were rebuffed. Nor does he allege that he requested a transfer for the purposes of obtaining treatment and enrolling in SOTMP. Instead, Mr. Enright alleges he is located at a facility that does not offer SOTMP and that he was unable to transfer facilities. The notion that Defendants have rendered it impossible for Mr. Enright to enroll in SOTMP is further belied by his own allegation that Mr. Stancil has "implemented a policy of transferring indeterminately sentenced prisoners to facilities which do not offer the SOTMP, in order to warehouse them indefinitely while they await admission to the program." (Complaint at p. 3). Through this allegation Mr.

Enright admits that an inmate's facility placement is not intended to deprive him of access to treatment, but is rather only temporary and that an inmate will be transferred to a facility offering SOTMP when a spot becomes available. That CDOC does not refuse to transfer sex offenders to facilities that offer SOTMP is further buttressed by Jan Rogers, a severed plaintiff, being transferred to AVCF, which offers SOTMP. *Dixon v. Ruiz*, 11-cv-00562, 2011 WL 2111737, at *1 (D. Colo. May 25, 2011); *McDaniel v. Colorado Dep't of Corr.*, 20-cv-02033, 2020 WL 13831412, at *1 (D. Colo. Oct. 2, 2020). As such, the tort claims against Defendants in their individual capacities should also be dismissed.

### B.    Mr. Enright Fails to Otherwise State a Malpractice Claim Against Ms. Retting

To assert a medical malpractice claim, a plaintiff must show the defendant had a legal duty of care, the defendant breached that duty, the plaintiff was injured, and the defendant's breach caused the plaintiff's injury. *Day v. Johnson,* 255 P.3d 1064, 1068-69 (Colo. 2011). The duty arises "out of a contractual relationship when a physician undertakes to treat or otherwise provide medical care to another." *Id*. To show a breach of duty, the plaintiff must show the defendant "failed to conform to the standard of care ordinarily possessed and exercised by members of the same school of medicine practiced by the defendant." *Id.*

Here, Mr. Enright claims that Ms. Retting is a "SOMB-licensed sex offense treatment provider" but failed to enroll him in SOTMP. Even assuming that sex offense treatment is the sort for which a medical malpractice claim could be based, the shortcoming here is that Mr. Enright does not allege that Ms. Retting ever treated him or provided him with medical care. In the absence of such allegations, no duty can exist. *See Kellner v. Schultz,* 937 F. Supp. 2d 1319, 1324 (D. Colo. 2013) (no physician-patient relationship existed between plaintiff and defendant because the

defendant doctor never provided care to the plaintiff). And as Ms. Retting never provided any care, she could not be perceived to have violated any duty of care because at a fundamental level she would not have "failed to conform to the standard of care ordinarily possessed and exercised by members of the same school of medicine practiced by" her. *Day*, 255 P.3d at 1069. The simple fact that Ms. Retting is allegedly a licensed sex offense treatment provider does not expose her to medical malpractice claims brought by an individual she never treated.

Colorado's certificate of review requirement provides further reason for dismissal. *See* C.R.S. § 13-20-602. The requirement mandates that in every action for damages "based upon the alleged professional negligence of . . . a licensed professional," the plaintiff file a certificate of review within 60 days after service of the complaint declaring that (1) the plaintiff "has consulted a person who has expertise in the area of the alleged negligent conduct," and (2) the expert has reviewed the facts and concluded that the filing of the claim "does not lack substantial justification." C.R.S. § 13-20-602(1)(a), (3)(a). Defendants accepted service on January 29, 2026—more than 60 days ago—and Mr. Enright did not file the certificate of review, which in and of itself justifies dismissal of the malpractice claim. *Coleman v. United States*, 803 Fed. Appx. 209, 212-13 (10th Cir. 2020). The requirement also demonstrates the futility of Mr. Enright's malpractice claim. He brings the claim because Ms. Retting is allegedly a "licensed sex offense treatment provider," but Ms. Retting never treated him and the alleged wrongdoing has nothing to do with Ms. Retting providing treatment. As such, Mr. Enright would be incapable of finding a "licensed sex offense treatment provider" to draft any certificate of review because there would be nothing to review.

**CONCLUSION**

For the reasons stated above, Defendants, Amanda Retting and Moses Stancil, respectfully request that this Court dismiss Counts II and III of David Enright's complaint and provide any further and additional relief as it deems appropriate.

Respectfully submitted on April 29, 2026.

PHILIP J. WEISER
Attorney General

*s/ Robert Hunger*

ROBERT S. HUNGER, #53089*
AMY E. ADAMS, #52031*
Assistant Attorneys General
Attorneys for Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, Tenth Floor
Denver, CO 80203
Telephone:  (720) 508-6911, -6827 (Adams)
amy.adams @coag.gov
robert.hunger@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on April 29, 2026, I served the foregoing **DEFENDANTS' RULE 12(b)(1) AND RULE 12(b)(6) PARTIAL MOTION TO DISMISS** upon all parties herein by e-filing with the CM-ECF system maintained by the court, and by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, on April 30, 2026, addressed as follows:

David Enright #185630
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054
*Plaintiff Pro Se*

*Courtesy Copy Emailed To Client Representative:*
Anthony DeCesaro, CDOC

*s/ Brittany Vigil & Mariah Cruz-Nanio*